Melinda Arbuckle, SBN 302723
marbuckle@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
5670 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Matthew W. Herrington (to be admitted *PHV*)
matthew.herrington@dcbflegal.com
Charles R. Bridgers (to be admitted *PHV*)
charlesbridgers@dcbflegal.com
DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC
101 Marietta Street NW, Suite 2650
Atlanta, GA 30303
Telephone: (404) 979-3150
Facsimile: (404) 979-3170

*Counsel for Plaintiff, Marchail Solomon, and
Proposed Class and Collective Action Members*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Marchail Solomon, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>CORE Community Organized Relief Effort, Inc.,<br><br>          Defendant. | Case No:  2:21-cv-9630<br><br>**ORIGINAL COMPLAINT FOR VIOLATIONS OF FLSA**<br><br>**COLLECTIVE ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Marchail Solomon ("Solomon" or "Plaintiff"), on behalf of himself and all others similarly situated, files this Original Complaint against Defendant CORE Community Organized Relief Effort, Inc. ("CORE" or "Defendant"), showing in support as follows:

### I.     INTRODUCTION

1.     CORE failed to pay overtime as required by the Fair Labor Standards Act ("FLSA").

2.    Instead, CORE paid Plaintiff Solomon, and other workers like him, at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3.    This practice violates the overtime requirements of the FLSA, 29 U.S.C. §§ 201-219.

4.    Solomon brings this suit as a collective action under § 216(b) of the FLSA individually and on behalf of:

> **All individuals employed as "vaccinators" who are or were within the three years prior to the filing of this lawsuit employed by CORE and paid at the same hourly rate for all hours worked, including those in excess of 40 in a workweek (the "FLSA Class")**

5.    Solomon and the FLSA Class Members seek to recover payment for all overtime owed for the applicable three-year statute of limitations period, liquidated damages, and attorneys' fees and costs.

## II.    THE PARTIES

### A.    Plaintiff Marchail Solomon

6.    Plaintiff Solomon is a natural person residing in Clayton County, Georgia. He has standing to file this lawsuit.

7.    Plaintiff worked for Defendant throughout the State of Georgia, from approximately February 2021 through September 26, 2021.

8.    Plaintiff worked for Defendant in the position of "vaccinator."

9.    Plaintiff was an hourly employee who earned approximately $30.00/hour, other than a brief period in which he trained other vaccinators, during which time he earned approximately $35.00/hour.

10.    Plaintiff's consent to be a party plaintiff is attached hereto as Exhibit 1.

### B.    Putative Collective Action Members

11. Plaintiff Solomon brings this action on behalf of himself and on behalf of other similarly situated workers as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks to represent a proposed collective defined as follows:

**All individuals employed as "vaccinators" who are or were within the three years prior to the filing of this lawsuit employed by CORE and paid at the same hourly rate for all hours worked, including those in excess of 40 in a workweek (the "FLSA Class")**

12. Plaintiff reserves the right to refine this definition or establish subclasses in the event that discovery reveals that a more appropriate class definition exists.

**C. Defendant CORE**

13. Defendant CORE Community Response Relief Effort, Inc. ("Defendant" or "CORE") is a corporation formed under the laws of the state of California.

14. CORE maintains its principal place of business at 6464 W. Sunset Blvd., Ste. 530, Los Angeles, CA 90028.

15. Defendant may be served with process through its registered agent, Dawn Renee Olsen 6464 W. Sunset Blvd., Suite 530 Los Angeles, CA 90028.

16. At times relevant to this lawsuit, Defendant employed Plaintiff Solomon and the putative class members.

17. At all times hereinafter mentioned, CORE has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times hereinafter mentioned, CORE has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all times hereinafter mentioned, CORE has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said

enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

20.    At all times hereinafter mentioned, Solomon and all those similarly situated were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

### III.   JURISDICTION AND VENUE

21.    This Court properly exercises jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

22.    This Court also properly exercises personal jurisdiction over the Defendant because Defendant does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged herein occurred in California and in this District.

23.    Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District and Division.

### IV.   FACTUAL BACKGROUND

24.    CORE is a is a non-profit organization founded by actor Sean Penn that, *inter alia*, provides COVID-19 vaccination services.

25.    CORE is headquartered in California and does business throughout the United States, including but not limited to California and Georgia.

26.    Solomon worked as a vaccinator for CORE throughout the State of Georgia from approximately February 2021 through September 26, 2021.

27.   As a vaccinator, Solomon was responsible for preparing and drawing doses of COVID-19 vaccine, cataloging vaccine doses administered and supplies used, observing patients after they received COVID-19 vaccinations, administering COVID-19 vaccinations, and training other CORE vaccinators.

28.   Solomon reported the hours he worked to CORE on a regular basis.

29.   CORE has accurate records of the hours Solomon worked.

30.   Solomon was paid his hourly rate regardless of the number of hours he worked in a workweek.

31.   In a large majority of workweeks, Solomon worked far in excess of 40 hours.

32.   Solomon and the FLSA Class Members often worked more than 40 hours in a workweek.

33.   Rather than receiving time and a half as required by the FLSA, Solomon and the FLSA Class Members only received "straight time" for overtime hours worked.

34.   This payment scheme violates the FLSA.

35.   Solomon and the FLSA Class Members were not paid on a salary basis.

36.   Other employees of CORE are similarly situated in that they also were not properly paid overtime for the hours they worked in excess of 40 in a workweek.

37.   These individuals should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## V.   COLLECTIVE ACTION ALLEGATIONS

38.   Dozens of employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA.

39.     CORE required the FLSA Class Members to perform job duties similar to those performed by Solomon, including the requirement that they work overtime without overtime pay.

40.     CORE paid the FLSA Class Members in the same manner as it paid Solomon and did not properly compensate them for all hours worked in the manner required by the FLSA.

41.     Thus, CORE imposed its illegal pay practices on the FLSA Class Members.

42.     The FLSA Class Members were all paid on a "straight time for overtime" basis and regularly work in excess of 40 hours per week.

43.     Accordingly, the FLSA Class Members who were victimized by CORE's unlawful compensation practices are similarly situated to Solomon.

44.     CORE's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies and practices and do not depend on the personal circumstances of the FLSA Class Members.

45.     Thus, Solomon's experiences are typical of the experiences of the FLSA Class Members.

46.     All of the FLSA Class Members are entitled to be properly compensated for all hours worked in excess of 40 hours per week.

## VI.   CAUSES OF ACTION

**A.     First Claim for Relief – Violation of the FLSA**

47.     During the relevant time period, CORE has violated, and is violating, the provisions of Section 7 of the FLSA, 29 U.S.C. § 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of

40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

48.  CORE owes Solomon and the FLSA Class Members the difference between the rate actually paid and the proper overtime rate.

49.  CORE is also liable to Solomon and the FLSA Class member for an amount equal to any unpaid overtime wages as liquidated damages.

50.  CORE knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of paying Solomon and all those similarly situated "straight time for overtime."

51.  The decision by CORE to deny overtime compensation to these employees was neither reasonable, nor made in good faith.

52.  Accordingly, Solomon and the FLSA Class Members are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, liquidated damages, attorneys' fees and costs.

## VII.  JURY DEMAND

53.  Plaintiff hereby demands a jury trial on all causes of action and claims for relief to which he and the putative Class Members have a right to jury trial.

## VIII. DAMAGES AND PRAYER

54.  Plaintiff, on behalf of himself and all others similarly situated, asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Class Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a.  An order under § 216(b) of the FLSA authorizing notice to be sent to the FLSA Class Members;

b.  An award of damages including all unpaid wages owed and liquidated damages to Plaintiff and the class under the FLSA;

c.  Costs of action incurred herein;

d.  Attorneys' fees;

e.  Post-judgment interest, as provided by law; and

f.  Such other and further relief as the Court may deem just and proper.

Dated: December 13, 2021

Respectfully submitted,

By:     s/Melinda Arbuckle
         Melinda Arbuckle

**SHELLIST | LAZARZ | SLOBIN LLP**
Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
5670 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

**DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC**
Charles R. Bridgers (to be admitted *Pro Hac Vice*)
crb@dcbflegal.com
Matthew W. Herrington (to be admitted *Pro Hac Vice*)
matthew.herrington@dcbflegal.com
101 Marietta Street NW, Suite 2650
Atlanta, GA 30303
(404) 979-3150 (Telephone)
(404) 979-3170 (Facsimile)

*Counsel for Plaintiff and Proposed Class Members*

Case No. 2:21-cv-9628
Plaintiff's Original Complaint