Melinda Arbuckle, SBN 302723
marbuckle@wageandhourfirm.com
WAGE AND HOUR FIRM
3600 Lime Street, Suite 111
Riverside, California 92501
(214) 210-2100 – Telephone
(469) 399-1070 – Facsimile

Matthew W. Herrington (admitted *PHV*)
matthew.herrington@dcbflegal.com
Charles R. Bridgers (admitted *PHV*)
charlesbridgers@dcbflegal.com
DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC
101 Marietta Street NW, Suite 2650
Atlanta, GA 30303
Telephone: (404) 979-3150
Facsimile: (404) 979-3170

*Attorneys for Plaintiff Solomon*

Philip I. Person, Cal. Bar No. 281496
personp@gtlaw.com
GREENBERG TAURIG LLP
101 Second Street
Suite 2200
San Francisco, CA 94105
415-655-1311
Fax: 415-707-2010

*Attorney for Defendant CORE*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| **MARCHAIL SOLOMON**, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>**CORE Community Organized Relief Effort, Inc.**,<br><br>    Defendant. | Case No.: 2:21-cv-09630-RGK-PVC<br><br>**NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**<br><br>Judge:    Hon. R. Gary Klausner<br>Date:<br>Time:    9:00 am<br>Courtroom:  850 |

- 1 -    Case No. 2:21-cv-09630-RGK-PVC
Notice of Motion and Joint Motion
for Approval of FLSA Settlement

**PLEASE TAKE NOTICE** that on at 9:00 am in Courtroom 850 of this Court, located at 255 East Temple Street, Los Angeles, CA 90012 in the Roybal Federal Building and U.S. Courthouse, Plaintiff Marchail Solomon and Defendant CORE Community Organized Relief Effort, Inc. ("Defendant" or "CORE"), by and through counsel, will and hereby do, move this Court to enter an order approving the attached FLSA settlement.

The Parties base their Motion on this Notice of Motion, the attached Memorandum in Support of Motion for Approval of FLSA Settlement, the settlement agreement filed herewith, the documents and pleadings on file in this action, and any other evidence that may be presented at the time the Court hears this Motion.

**PURSUANT TO LOCAL RULE 7-15, the Parties respectfully inform the court clerk that the Parties agree to waive oral argument with the consent of the Court, and request that the court clerk advise the parties by no later than noon on the court day preceding the hearing date whether the Court has consented to the waiver of oral argument.**

Dated: October 28, 2022

Respectfully submitted,

**WAGE AND HOUR FIRM**

3600 Lime Street, Suite 111
Riverside, California 92501
(214) 210-2100 – Telephone
(469) 399-1070 – Facsimile
marbuckle@wageandhourfirm.com

*s/ Melinda Arbuckle*
Melinda Arbuckle
California Bar No. 302723

Counsel for Plaintiff

- 2 -   Case No. 2:21-cv-09630-RGK-PVC
Notice of Motion and Joint Motion
for Approval of FLSA Settlement

| | |
|---|---|
| 101 Marietta Street<br>Suite 2650<br>Atlanta, Georgia 30303<br>(404) 979-3150<br>(404) 979-3170 (f)<br>benjamin@dcbflegal.com<br>matthew.herrington@dcbflegal.com | **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**<br><br>*s/ Matthew W. Herrington*<br>Charles R. Bridgers (*pro hac vice*)<br>Georgia Bar No. 080791<br>Matthew W. Herrington (*pro hac vice*)<br>Georgia Bar No. 275411<br><br>Counsel for Plaintiff |
| 101 Second Street<br>Suite 2200<br>San Francisco, CA 94105<br>415-655-1311<br>Fax: 415-707-2010<br>Email: personp@gtlaw.com | **GREENBERG TRAURIG LLP**<br><br>*s/ Philip I Person*<br>Philip I. Person<br>California Bar No. 281496<br><br>Counsel for Defendant |

# MEMORANDUM IN SUPPORT OF MOTION
# FOR APPROVAL OF FLSA SETTLEMENT

NOW COMES Plaintiff Marchail Solomon and Defendant CORE Community Organized Relief Effort, Inc. ("Defendant" or "CORE"), by and through counsel, who jointly file this Motion for Approval of FLSA Settlement.

The Parties respectfully request that the Court enter an order approving the proposed FLSA Settlement that the Parties have negotiated. (*See* Ex. A, the "proposed FLSA Settlement") The Parties believe the proposed FLSA Settlement represents a fair and reasonable resolution of the claims at issue in this case. The Settlement Agreement also provides for fair and reasonable attorneys' fees and costs to counsel for Plaintiff. For the below reasons, the Parties believe the Court should enter an order approving the proposed FLSA Settlement.

**A.    Introduction**

Plaintiff filed this lawsuit on December 13, 2021. (ECF No. 1) Plaintiff alleged that Defendant violated the FLSA by failing to compensate Plaintiff and similarly situated employees at one-and-one-half times their regularly hourly rate for all hours worked over 40 hours in each workweek. Because Plaintiff Solomon had signed an arbitration agreement including a class-action waiver, the parties proceeded in individual arbitration.

Defendant vigorously opposed Plaintiff's claims, in particular denying that Defendant was Plaintiff's employer, and maintaining that Plaintiff was an independent contractor not covered by the FLSA.  Defendant continues to deny that Defendant was Plaintiff's employer and denies any wrongdoing related to this matter, but has agreed to settle for the sole purpose of eliminating the costs and expenses related to continued litigation.

In arbitration, the Parties engaged in written discovery prior to reaching a mutually acceptable settlement of Plaintiff's claims. The arbitration has since been

- 4 -    Case No. 2:21-cv-09630-RGK-PVC
Notice of Motion and Joint Motion
for Approval of FLSA Settlement

dismissed with prejudice and the only step remaining is to obtain settlement approval from this Court. The Parties respectfully submit the proposed FLSA Settlement for approval.

**B.     Terms of the Settlement**

The Settlement agreement (attached as Exhibit A) establishes a gross settlement amount of $28,167.50.

The Gross Settlement Amount will be allocated as follows:

1. Plaintiff Solomon will receive $1,833.75 designated as purported back overtime wages;
2. Plaintiff Solomon will receive $1,833.75 designated as purported liquidated damages in an amount equal to the purported back overtime wages;
3. Plaintiff Solomon's counsel will receive $24,500 for attorney's fees and costs of litigation.

The Parties agree that the amounts to be paid to Plaintiff Solomon in purported back overtime wages and purported liquidated damages represent 100% of the amount he could recover in this action, per Plaintiff Solomon's own estimates. Plaintiff's counsel's fees and costs are estimated to approximate the actual fees and costs incurred in this action through the obtaining of court approval of this settlement. Plaintiff's counsel's fees have accrued at hourly rates approved in this Court and in the Northern District of Georgia on numerous prior occasions. *See Moore et al. v. Universal Protection Service, LP*, 5:19-cv-02124-JGB-SP, Order Granting Motion to Confirm Award, Dkt. 263 (C.D. Ca. July 8, 2022) (approving $725 hourly rate for attorney Arbuckle); *Stephens v. RV Behavioral,* 1:21-cv-01056-LMM-JLK, Order Granting FLSA Settlement Approval Dkt. 38-2 (N.D. Ga. May 9, 2022) (approving $435 hourly rate for attorney Bridgers and (old) $375 hourly rate for attorney Herrington); *Bethel v. Lazer Spot, Inc.*, 1:20-

cv-1835-AT, Order Granting FLSA Settlement Approval, Dkt. 78, p.1 (N.D. Ga. July 11, 2022) (implicitly approving $435 hourly rate for attorney Bridgers and (new) $375 hourly rate for attorney Herrington).

### C. Legal Standard for Approval of FLSA Only Settlements.

Because of the strong public interest in FLSA cases, most courts find that disputes of FLSA cases may only be settled or compromised with the supervision of the Department of Labor or a federal district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). If an FLSA settlement reflects a reasonable compromise, a court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Khanna v. Inter-Con Sec. Sys., Inc.*, No. CIV S-09-2214 KJM GGH, 2012 WL 4465558, at *10 (E.D. Cal. Sept. 25, 2012).

"While the Ninth Circuit has not specifically addressed the question of whether FLSA claims may only be settled and resolved in two ways, district courts in the Ninth Circuit have followed *Lynn's Food Stores*." *Ambrosino v. Home Depot U.S.A., Inc.*, No. 11cv1319 L(MDD), 2014 WL 3924609, at *1 n.1 (S.D. Cal. Aug. 11, 2014). *See also, e.g., Khanna*, 2012 WL 4465558, at *10 ("A court may not approve an FLSA settlement without determining whether it is 'a fair and reasonable resolution of a bona fide dispute.'") (quoting *Lewis v. Vison Value, LLC*, No. 1:11-cv-01055-LJO-BAM, 2012 WL 2930867, at *2 (E.D. Cal. July 18, 2012)).

Applying the test from *Lynn's Food Stores, Inc.*, courts first determine whether a bona fide dispute exists, so as not to "shield employers from the full cost of complying with the statute." *See Pike*, 2019 WL 8138439, at *2. Then, courts consider the totality of the circumstances of the settlement within the context of the FLSA. *Id.* (citing *Seguin v. Cnty. of Tulare*, No. 1:16-cv-01262-DAD-SAB, 2018 WL 1919823, at *2 (E.D. Cal. Apr. 24, 2018)).

In the present case, the Court's job is simpler: no compromise has been made by Plaintiff and he will recover the full amount of his back wages and liquidated damages per his own calculations.[1] Plaintiff's counsel will receive no portion of Plaintiff's damages.[2] For this reason, the Parties will not belabor the full array of factors that a court may consider in considering a motion for FLSA settlement approval. A settlement of this nature is reasonable on its face.

**D.   Conclusion**

For all of the foregoing reasons, the Parties respectfully request that the Court approve this Joint Motion for FLSA Settlement Approval and dismiss this case with prejudice.

Dated: October 28, 2022

Respectfully submitted,

**WAGE AND HOUR FIRM**

3600 Lime Street, Suite 111
Riverside, California 92501
(214) 210-2100 – Telephone
(469) 399-1070 – Facsimile
marbuckle@wageandhourfirm.com

*s/ Melinda Arbuckle*
Melinda Arbuckle
California Bar No. 302723

Counsel for Plaintiff

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

101 Marietta Street
Suite 2650
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com

*s/ Matthew W. Herrington*
Charles R. Bridgers (*pro hac vice*)
Georgia Bar No. 080791
Matthew W. Herrington (*pro hac vice*)
Georgia Bar No. 275411

Counsel for Plaintiff

---

[1] Those calculations are based solely on time and pay records provided to Plaintiff by Defendant in discovery. Overtime has been calculated at a half-time rate and the Parties represent that no basis exists upon which damages might be calculated at a time-and-a-half rate.

[2] Plaintiff's retainer agreement calls for Plaintiff's counsel to retain 25% of liquidated damages recovered in exchange for advancing the costs of litigation and holding Plaintiff harmless in the event of non-recovery. Plaintiff's counsel represent that this contractual provision has been waived.

- 7 -   Case No. 2:21-cv-09630-RGK-PVC
Notice of Motion and Joint Motion
for Approval of FLSA Settlement

| | |
|---|---|
| | **GREENBERG TRAURIG LLP** |
| 101 Second Street<br>Suite 2200<br>San Francisco, CA 94105<br>415-655-1311<br>Fax: 415-707-2010<br>Email: personp@gtlaw.com | *s/ Philip I Person*<br>Philip I. Person<br>California Bar No. 281496<br><br>Counsel for Defendant |

- 8 -   Case No. 2:21-cv-09630-RGK-PVC
Notice of Motion and Joint Motion
for Approval of FLSA Settlement